[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14322
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00223-HES-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 19, 2020)

Before WILSON, LUCK and MARCUS, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal

waiver in Appellant's plea agreement is GRANTED.  As the record reflects, Davis

knowingly and voluntarily waived his right to appeal his sentence.  During the plea

colloquy, the magistrate judge specifically questioned Davis about the sentence appeal waiver, summarizing the language of the waiver and explaining its terms. Further, the magistrate judge asked Davis whether he had voluntarily agreed to the waiver and had any questions about the plea agreement, in addition to confirming with Davis that he understood the terms of the agreement and had read and discussed them with his counsel.  Thus, the record establishes that Davis knowingly and voluntarily agreed to the sentence appeal waiver. See United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993) (holding that a sentence appeal waiver will be enforced if it was made knowingly and voluntarily).

In addition, none of the exceptions to Davis's appeal waiver apply.  First, the 72-month total sentence the district court imposed did not exceed the statutory maximum term of imprisonment or the guideline range and Davis does not claim that the sentence violates the Eighth Amendment.  Indeed, a within-guideline sentence does not generally violate the Eighth Amendment and the district court imposed a sentence below the guideline range.  United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005).  Moreover, the government has not appealed his sentence, so Davis was not released from the appeal waiver.  Thus, none of the exceptions to Davis's appeal waiver apply, and we grant the government's motion to dismiss Davis's appeal pursuant to the sentence appeal waiver.

**DISMISSED**.

2